UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| JAMES E. WOLF, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:15CV1820HEA |
| ARNOLD MISSOURI, | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 7]. Plaintiff has responded to the Motion. For the reasons set forth below, the Motion is granted.

Plaintiff brought this action *pro se* attempting to allege what appears to be a selective prosecution claim. Plaintiff makes vague and rambling statements of what has transpired between him and the City of Arnold with respect to, for example, ticketing of vehicles, writing up his property for grass more than three inches tall, building inspection issues and various other situations involving City officials. Plaintiff makes allegations that others are treated differently than he by the City officials. Plaintiff, however, fails to connect these instances with the specific act of the City singling him out for prosecution while others similarly situated have not been prosecuted for similar conduct, nor that the actions taken

were based on an impermissible motive, such as race, religion or the exercise of constitutional rights, as is required for a selective prosecution claim. *United States v. Matter*, 818 F.2d 653, 654 (8th Cir. 1987)

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585,

594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570; *accord Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff's Complaint fails to satisfy the minimal pleading requirements to state a cause of action. As such, Defendant is incapable of effectively filing a responsive pleading.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, [Doc. No. 7], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted 14 days from the

3

dated of this order to file an amended complaint.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE